UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX VOLINSKY,

    Plaintiff,

v.                                                         CASE NO. 8:22-cv-2704-SDM-JSS

ACER AMERICA CORPORATION,

    Defendant.
_____/

**ORDER**

    On behalf of a putative class of consumers, Alex Volinsky sues (Doc. 1) Acer America Corporation and claims that Acer sold the class laptops with defective hinges that broke years earlier than warrantied. Acer moves (Doc. 10) to compel arbitration and argues that the "Initial Boot-Up" of every Acer laptop requires the customer to assent to Acer's "end user license agreement," which conspicuously compels arbitration of "any dispute between [the customer] and Acer." (Doc. 10-1 at 4). In response, Volinsky argues that the presentation of Acer's agreement in the "Initial Boot-Up" failed to properly notify Volinsky of the agreement.

    In accord with *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002), federal policy favors arbitration. For the reasons stated in the motion (Doc. 10), Acer's end user license agreement conspicuously notifies a customer of the agreement to arbitrate any dispute against Acer, and Volinsky accepted the agreement during the "Initial Boot-Up" of the laptop. Accordingly, the motion (Doc. 10) to compel arbitration

is **GRANTED-IN-PART**, and this dispute is committed to arbitration. Under the Federal Arbitration Act, 9 U.S.C. § 3, this action is **STAYED** pending arbitration. The clerk must **ADMINISTRATIVELY CLOSE** the case and terminate the pending motion (Doc. 20). Not later than seven days after receipt of the arbitral decision, Acer must file in this action a notice announcing the decision.

    ORDERED in Tampa, Florida, on April 6, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE